CASE NO. _____

FILED

May 06, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ J. Barker
DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| Dalila AGiza, <br> Plaintiff <br><br> v. <br><br> BEXAR COUNTY, TEXAS; <br> ELIZABETH MARTINEZ, Judge 73rd District <br> Court, Bexar County, Texas; in her individual <br> and official capacities; CLERKS AND COURT <br> PERSONNEL, (including but not limited to <br> Luis Duran, Daniel Fiel, and John/Jane Does), <br> EDWARD FRANKLIN; <br> NEFTALI RODRIGUEZ III in his individual and <br> official capacity;  LAW OFFICES OF DENISE <br> MARTINEZ PLLC;  FOURTH COURT OF <br> APPEALS OF TEXAS, SAN ANTONIO; <br> CLERK OF THE COURT, FOURTH COURT OF <br> APPEALS OF TEXAS, in their individual and <br> official capacities. <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case NO. __**5:26-cv-2986**__ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

(42 U.S.C. § 1983; Americans with Disabilities Act Title II; Rehabilitation Act § 504; Declaratory Judgment Act)

## NATURE OF THE ACTION & PRELIMINARY STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Dalila AGiza, appearing *sui juris*, brings this action to redress the systematic deprivation of her civil rights, the intentional suppression of judicial records, and the denial of meaningful access to the courts by the Defendants. This Complaint is filed concurrently with Form AO 240 (Application to Proceed in District Court Without Prepaying Fees or Costs).

CASE NO. _____

Plaintiff is a person of limited means whose access to the tribunal is protected under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Disabled Status and ADA Request. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA) Title II and the Rehabilitation Act § 504. Plaintiff hereby gives notice to the Court and all parties that she will file a comprehensive, formal ADA Accommodations Request immediately upon the assignment of a case docket number to this matter.

Due to the documented failure of the postal system and the administrative "Return to Sender" obstruction of Plaintiff's prior federal filing attempt (See Exhibit B, Tracking No. 9410836207705274561777), Plaintiff hereby requests Electronic Service and Correspondence for all matters in this case as a necessary and reasonable accommodation. This is essential to ensure Plaintiff receives meaningful notice that cannot be administratively intercepted or diverted.

Jurisdictional Intent. This action is not an appeal of a state court's merits, but a challenge to independent administrative and judicial acts, including *ex parte* communications and the bad-faith withholding of transcripts, which have rendered the state's appellate process a nullity. Plaintiff seeks declaratory, injunctive, and monetary relief to restore her constitutional standing.

## I. PARTIES

1. **Plaintiff**: Dalila AGiza, appearing *sui juris*, a disabled individual within the meaning of the Americans with Disabilities Act and the Rehabilitation Act.

2. **Defendants**: As captioned above, encompassing Bexar County, judicial officers in individual/official capacities, and private actors acting under color of law. Plaintiff reserves the right to amend to add additional defendants identified through discovery.

CASE NO. _____

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

4. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202.

5. Plaintiff does not seek review, reversal, or modification of any state-court judgment. Plaintiff challenges only independent constitutional violations, administrative acts, and denials of access to the courts that occurred outside the merits of any state-court decision.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Bexar County, Texas.

7. **Rooker-Feldman Clarification**: Plaintiff challenges independent constitutional violations, administrative misconduct, and denials of access to the courts occurring outside the scope of judicial immunity.

## III. STATEMENT OF FACTS

### A. Background and Service Defects

8. On December 6, 2024, Defendant Edward Franklin filed a petition in the 73rd Judicial District Court of Bexar County, Texas. 9. Plaintiff was not properly served with citation and petition as required by Texas law.

10. Defendant Franklin's counsel, Neftali Rodriguez III, intentionally delayed service, a fact later admitted on the record.

11. Alternate service was obtained through misrepresentation, without a valid affidavit of due diligence.

12. Citation was left at Plaintiff's door on December 31, 2024, without the required

CASE NO. _____

follow-up mailing. Attorney Neftali admitted on record delay of service was intentional.

## B. Special Appearance Raised at First Appearance

13. On January 3, 2025, Plaintiff appeared specially for the sole purpose of challenging personal jurisdiction, improper service, and notice defects.

14. Plaintiff expressly limited her appearance to jurisdictional objections.

15. The matter was reset to January.

16. Or January 16, 2025; Plaintiff continued to maintain jurisdictional objections and did not participate on the merits.

17. Thereafter, Plaintiff filed a formal Special Appearance pursuant to Texas Rule of Civil Procedure 120a.

18. At no time prior to the hearing on the Special Appearance did Plaintiff waive jurisdiction, seek affirmative relief, or consent to the court's authority.

## C. Ex Parte Hearings After Jurisdiction Was Contested

19. On or about January 23, 2025, an *ex parte* hearing was held without Plaintiff's knowledge or notice, after Plaintiff had challenged personal jurisdiction.

20. On or about March 2025, a second *ex parte* hearing was conducted, again without notice to Plaintiff and while jurisdiction remained contested.

21. The identity of all presiding judges at these *ex parte* hearings is not fully known; one is believed to have involved a judge named Alvarez.

22. Orders arising from these *ex parte* hearings were never properly served and were entered in the absence of jurisdiction.

## D. February 12, 2025 Special Appearance Hearing

CASE NO. _____

23. On February 12, 2025, the 73rd Judicial District Court denied Plaintiff's Special Appearance.

24. During the hearing, Plaintiff timely requested Findings of Fact and Conclusions of Law.

25. Judge Elizabeth Martinez abruptly terminated the record, stated the matter was now "off the record," and disconnected Plaintiff from the Zoom proceeding.

26. No Findings of Fact or Conclusions of Law were issued despite Plaintiff's timely request.

**E. Interlocutory Appeal and the "Merits Trap"**

27. Plaintiff timely filed an interlocutory appeal under Texas Civil Practice & Remedies Code § 51.014(a)(7).

28. Plaintiff's appellate fee waiver was accepted and was not challenged by any party.

29. The Fourth Court of Appeals issued procedural directives requiring briefing beyond jurisdictional issues.

30. Plaintiff filed jurisdiction-only briefs consistent with Texas law and Texas Rules of Appellate Procedure.

31. The Court directed Plaintiff to submit filings that would have required her to restructure jurisdictional arguments into a merits brief (the "Merits Trap").

32. Plaintiff objected on the ground that compliance would require waiver of jurisdictional objections; the appeal was thereafter dismissed for "lack of jurisdiction" without a ruling on jurisdictional issues.

33. The appellate court ignored Plaintiff's pending ADA accommodation request.

**F. Administrative Interference and Mail Return (Exhibit B)**

CASE NO. _____

34. On February 9, 2026, Plaintiff attempted to file the instant federal action.

35. This filing was processed as "Return to Sender" on February 13, 2026 (Tracking No. 9410836207705274561777).

36. Tracking data confirms the item arrived in San Antonio on February 11, 2026, only to be processed as "Forward Expired" despite no change of address.

37. This event is cited as a mechanical example of administrative interference and sabotage of legal filings for reasons unknown.

## G. Failure of ADA Protocols and Ex Parte Communications

38. Although Plaintiff was receiving some electronic service, Defendants failed to provide notice or orders regarding *ex parte* hearings conducted behind the scenes.

39. These *ex parte* communications occurred between court clerks, Judge Martinez, and Defendant Neftali Rodriguez III while Plaintiff's ADA accommodations were on file.

40. Plaintiff's ADA accommodation specifically required the court to contact her if she had not appeared in court, a protocol that was intentionally ignored to facilitate *ex parte* orders.

## H. Denial of Constitutional and Statutory Records

41. The Fourth Court of Appeals is a court of record governed by the Texas Constitution and state statutes, yet it allowed the administrative denial of a complete record. 42. Defendants Luis Duran and Daniel Fiel (Clerk and Reporter) intentionally denied the transmission of certified records and transcripts of the jurisdictional challenges. 43. This denial occurred despite a valid fee waiver and the fact that the proceedings were fully recorded, effectively blocking the higher court's ability to review the case.

## IV. CAUSES OF ACTION

CASE NO. _____

42. **Count I: Violation of 42 U.S.C. § 1983 Denial of Due Process (14th Amendment)**

- **Defendants**: Elizabeth Martinez, Luis Duran, Daniel Fiel, and Clerk of the Fourth Court of Appeals.

- **Factual Basis**: Defendants deprived Plaintiff of a "meaningful opportunity to be heard" by intentionally suppressing the record of proceedings. Specifically, Defendant Martinez's "off-record" maneuver was a deliberate act to prevent the creation of a transcript, while Defendants Duran and Fiel's refusal to process requested transcripts physically barred Plaintiff from presenting her defense to an appellate body.

- **Legal Standard**: Due process requires a "verbatim record" when fundamental rights are at stake; the intentional destruction or suppression of that record by state actors is a per se violation of the 14th Amendment.

43. **Count II – Violation of ADA Title II & Rehabilitation Act § 504:**

- **Defendants**: Bexar County, Fourth Court of Appeals of Texas.

- **Factual Basis**: Plaintiff is a qualified individual with a disability (veteran status) who filed formal requests for "notice by telephone if absent" and "electronic records".

- **Discriminatory Act**: Defendants ignored these requests and proceeded with *ex parte* hearings without the mandated ADA contact. Furthermore, the Appellate Clerk's refusal to provide certified records—despite a valid fee waiver—created a "disparate impact" where Plaintiff's disability and indigency were used as a barrier to court access.

CASE NO. _____

- **Abrogation of Immunity**: Under *Tennessee v. Lane*, the ADA explicitly abrogates state immunity for the "fundamental right of access to the courts." Defendants failed to engage in the interactive process and ignored electronic service accommodation requests.

44. **Count III – Denial of Access to Courts**:

- **Defendants**: All Defendants.

- **Factual Basis**: This is a "backward-looking" access claim. Defendants' systemic obstruction—including the "merits trap" briefing orders, the 48+ hour clerk delays in filing, and the "Return to Sender" mail event—created an insurmountable barrier that caused the loss of Plaintiff's interlocutory appeal.

- **Ministerial Failure**: The Clerks' failure to follow eFileTexas 24–48 hour processing procedures is a ministerial failure, not a judicial act, and thus receives no immunity.

45. **Count IV – Conspiracy to Interfere with Civil Rights**:

- **Defendants**: Neftali Rodriguez III, Law Offices of Denise Martinez PLLC, and Judge Elizabeth Martinez.

- **Factual Basis**: Private Defendants Rodriguez and his firm acted "under color of law" by engaging in *ex parte* communications with the Court to secure orders without notice to the Plaintiff. This joint activity to intentionally delay service and hold "off-record" hearings constitutes a conspiracy to deprive Plaintiff of equal protection under the law.

46. **Count V: Ultra Vires Acts & Declaratory Relief**

CASE NO. _____

- **Defendants**: Elizabeth Martinez and Fourth Court of Appeals.

- **Factual Basis**: Upon the perfection of the interlocutory appeal on February 12, 2025, the trial court was divested of jurisdiction over the subject matter. Every order entered thereafter is **void ab initio** as an *ultra vires* act (beyond legal authority).

- **Specific Request**: Plaintiff seeks a declaration that the "merits trap" order of May 5, 2025, was a procedural nullity designed to force a waiver of constitutional rights.

## V. RESERVATION OF RIGHTS TO AMEND

47. Plaintiff explicitly reserves the right to amend this Complaint to add additional causes of action and identify additional Defendants as discovery reveals ongoing or future patterns of misconduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dalila AGiza respectfully requests that this Court enter judgment in her favor and against Defendants, granting the following relief:

## A. Declaratory Relief

A Declaration that the intentional withholding of the certified record and transcripts by the 73rd District Clerk and Court Reporter, despite a valid fee waiver, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

- A Declaration that all orders entered by the 73rd Judicial District Court subsequent to the filing of Plaintiff's Special Appearance on January 3, 2025, are void ab initio for lack of personal jurisdiction.

CASE NO. _____

- A Declaration that the "Merits Trap" procedural directives used by the Fourth Court of Appeals unconstitutionally forced Plaintiff to choose between her right to appeal and the waiver of her jurisdictional challenges.

- Declare that the Fourth Court of Appeals, as a court of state constitutional and statutory authority, violated its ministerial and constitutional duties by dismissing an appeal while the lower court record was being administratively suppressed.

- Declare that the *ex parte* communications between Defendants Martinez, Rodriguez III, and court clerks, conducted in violation of standing ADA accommodation protocols, rendered all resulting orders void ab initio.

- Declare that the intentional withholding of certified records and transcripts, despite a valid fee waiver and the existence of a recording, constitutes a denial of the right to petition the government for redress.

## B. Injunctive Relief

- A Permanent Injunction enjoining Defendants Edward Franklin and Neftali Rodriguez III from enforcing any orders obtained while the appellate record was being suppressed.

- A Mandatory Injunction compelling the 73rd District Clerk and Court Reporter to immediately produce the full, unedited transcript and certified record of all proceedings from December 6, 2024, to the present, at no cost to Plaintiff.

## C. Monetary Damages

- Compensatory Damages against all Defendants, jointly and severally, for the deprivation of constitutional rights and the emotional distress caused by the systemic obstruction of justice, in an amount to be determined at trial.

CASE NO. _____

- Punitive Damages against Defendants Elizabeth Martinez, Neftali Rodriguez III, Luis

  Duran, and Daniel Fiel in their individual capacities for their malicious and intentional

  interference with Plaintiff's access to the courts.

## D. Statutory Relief and ADA Compliance

- Order that all future proceedings and notices must strictly adhere to Plaintiff's ADA

  accommodation protocols, including a mandatory "check-in" procedure if Plaintiff is not

  present, to prevent future *ex parte* sabotage.

## E. Other Relief

- Such other and further relief, at law or in equity, as this Court deems just and proper.

Respectfully submitted,

Dalila AGiza, Dalila AGiza, Beneficiary, Appellant
PO Box 1394
Castroville, Texas 78009
All rights reserved. Without recourse.

## STATEMENT OF GOOD FAITH

I, Dalila AGiza, declare under penalty of perjury that the foregoing is true and correct, including

the documentation of USPS Tracking No. 9410836207705274561777. This action is brought in

good faith to address administrative interference.

Executed on May 4, 2026.

## VERIFICATION

I, Dalila AGiza, declare under penalty of perjury under the laws of the United States of America,

pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge,

information, and belief.

CASE NO. _____

This includes my personal knowledge of the intentional suppression of the jurisdictional record by Defendants Duran and Fiel, the *ex parte* communications conducted in violation of my ADA protocols, and the physical return of my federal filing as documented by Exhibit B.

Executed on <u>May 4, 2026,</u> Bexar County, Texas

_____
Dalila AGiza, Beneficiary, Appellant

## CERTIFICATE OF SERVICE

I, Dalila AGiza, certify that this complaint was dropped in mailbox on May 4, 2026 as of this date, no Defendant has been formally served with this Complaint, as the filing is being submitted concurrently with an AO 240 Application to Proceed In Forma Pauperis for the Court's initial review. Pursuant to the Court's local rules and federal procedure, formal service will be effected via the U.S. Marshals or as otherwise ordered by the Court once the application is processed and a case number is assigned.

**Notice of Courtesy and Awareness:** I further certify that all named Defendants are fully aware of this suit and the Plaintiff's intent to file this action. Courtesy notice has been provided to the Defendants, who are already on notice of the underlying constitutional and jurisdictional challenges through related state-court filings and prior communications regarding the administrative interference and service defects described herein.

**Notice of Delivery Obstruction:** This Complaint was originally attempted for filing on February 9, 2026; however, it was returned to the sender without a valid legal basis (USPS Tracking No. 9410836207705274561777). Due to this documented failure of the postal system and the Plaintiff's disability, Plaintiff requests that once a case number is assigned, all future

CASE NO. _____

correspondence and service of court orders be conducted via electronic service (email) to the

address on file as a necessary ADA accommodation. Once case number assigned, I will provide

additional ADA Accommodations request.

Date: May 4, 2026

Respectfully submitted,

Dalila AGiza, Dalila AGiza, Beneficiary, Appellant
PO Box 1394
Castroville, Texas 78009
All rights reserved. Without recourse.

## EXHIBITS

- **Exhibit A: Form AO 240** (Application to Proceed In Forma Pauperis).

- **Exhibit B**: **USPS Tracking History** (No. 9410836207705274561777) showing "Return to Sender" status.