IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DALILA AGIZA,

     *Plaintiff,*

vs.

BEXAR COUNTY, TEXAS, *et al.,*

     *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§

SA-26-CV-02986-JKP-KGS

## **ORDER**

Before the Court is the status of the above-styled case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order.[1] Based on the information Plaintiff provided, the Court **GRANTS** Plaintiff's application to proceed IFP (ECF No. 2), and directs the clerk to accept Plaintiff's complaint without payment of fees or costs. ECF No. 1.

Included in Plaintiff's IFP motion—and submitted separately as a Motion for Leave to File Electronically and Request for ADA Accomodation Regarding Service (ECF No. 5)—is a request to file electronically. The Court **RESERVES RULING** on Plaintiff's request to file electronically until such

---

[1] The division-wide standing order is available on the Western District of Texas website, at https://perma.cc/RCD4-NSNV.

time as Plaintiff completes and files the Western District of Texas Permission to File Electronically Form.[2]

Moreover, before the Clerk issues any summons or the Court otherwise allows this case to proceed further, Plaintiff must provide additional information to support her claims.

In IFP cases like this one, § 1915 requires that the Court "dismiss the case at any time" if the Court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim upon which relief may be granted, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The complaint must also plainly show the basis for the Court's jurisdiction, because federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

---

[2] The form, as well as other resources for *pro se* filers, is available on the Western District of Texas Website: https://www.txwd.uscourts.gov/filing-without-an-attorney/pro-se-manual/.

375, 377 (1994); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain"a short and plain statement of the grounds for the court's jurisdiction").

In screening IFP complaints under § 1915(e)(2)(B)(ii), the Court "accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff." *Mackey v. Helfrich*, 442 F.App'x 948, 949 (5th Cir. 2011). Although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules include the requirement that a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In her *pro se* complaint, Plaintiff purports to present five causes of action: under 42 U.S.C. § 1983 (count 1); under the Americans with Disabilities Act Title II and the Rehabilitation Act § 504 (count 2); for denial of access to the courts (count 3); for conspiracy to interfere with civil rights (count 4); and for declaratory judgment (count 5). ECF No. 1. Plaintiff brings these claims against a county court judge, certain court personnel, Bexar County, the Fourth Court of Appeals of Texas, a private attorney, a law firm, and an individual who Plaintiff says was a party in a case against her. *See id.* None of these causes of action may proceed as currently pleaded.

3

## I.   Section 1983 and Equal Protection

Government officials facing a § 1983 claim are entitled to mount a qualified-immunity defense, which requires Plaintiff to establish a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *see also Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam). The doctrine encompasses "all but the plainly incompetent or those who knowingly violate the law." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (internal quotations omitted) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

With regard to Plaintiff's claims against the county judge, clearly established law provides that judges are entitled to "absolute immunity from liability for judicial or adjudicatory acts." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). *See also Sup. Ct. of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 734–35 (1980). Such immunity applies even when the judge is accused of acting maliciously and corruptly; immunity is required "not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) (citation omitted). Plaintiff has not alleged facts that overcome the judge's absolute immunity from suit.

Similarly, clerks and court personnel are entitled to immunity protecting them from acts undertaken in accordance with a judge's direct orders. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Thus, court personnel "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Id*. Plaintiff has not alleged facts that overcome court personnel's immunity.

## II.    ADA Title II and Rehabilitation Act § 504

Section 504 of the Rehabilitation Act prohibits discrimination by entities that receive federal government funding. 29 U.S.C. § 794(a). Title II of the ADA applies more broadly to private and public entities, including entities involved with the administration of justice. *Tennessee v. Lane*, 541 U.S. 509, 533 (2004). Courts apply the same legal standards to both statutes. *Kemp v. Holder*, 610 F.3d 231, 234–35 (5th Cir. 2010).

To state a plausible claim under Title II or § 504, the Plaintiff must allege: (1) that she is a qualified individual with a disability; (2) that she was excluded from participation in, or denied the benefits of, services, programs, or activities for which the public entity is responsible, or was otherwise being discriminated against; and (3) that such discrimination is because of her disability. 42 U.S.C. § 12132; 29 U.S.C. § 794(a).

A "disability" with respect to an individual is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). "Merely having an impairment" is not enough to qualify as disabled under the ADA—a plaintiff "also need[s] to demonstrate that the impairment substantially limits a major life activity." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009).

Plaintiff fails to allege facts establishing a viable Title II or § 504 claim.

## III.    Denial of Access to the Courts

Denial of access to the courts is a limited cause of action afforded to prisoners which "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Plaintiff's claims do not fit this cause of action.

## IV.    Conspiracy to Interfere with Civil Rights

Plaintiff does not specify whether she is asserting a conspiracy cause of action under 42 U.S.C. § 1985 or § 1983.

Under § 1985, Plaintiff must allege facts demonstrating Defendants (1) conspired; (2) for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) took or caused action in furtherance of the

6

conspiracy; which (4) injured Plaintiff or deprived her of her rights or privileges as a United States citizen. *Shaw v. Villanueva*, 918 F.3d 414, 418–19 (5th Cir. 2019). Under § 1983, Plaintiff must not only allege facts that "establish (1) the existence of a conspiracy involving state action," but also "(2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Id*.

Notably, "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

Plaintiff fails to allege facts establishing a viable conspiracy to interefere with civil rights claim under § 1985 or § 1983.

## V.    Declaratory Judgment

The federal Declaratory Judgment Act is merely a procedural device that creates no standalone cause of action. *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990). Rather, the viability of a party's request for declaratory relief is dependent on that party's ability to assert a viable substantive cause of action. *Id*. Here, Plaintiff asserts no sustantive cause of action from which declaratory relief would arise.

Finally Plaintiff fails to indicate which cause of action, if any, applies to Defendant Edward Franklin, who she alleges filed suit against her in Bexar County. Accordingly, Plaintiff has presented no plausible claim against him.

Despite the deficiencies identified above, *pro se* litigants are entitled to an opportunity to amend their complaints in order to state a claim for relief. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Accordingly, the undersigned hereby **ORDERS** that Plaintiff must **SHOW CAUSE** why her complaint should not be dismissed by filing an amended complaint no later than **June 12, 2026**, stating a plausible, non-frivolous claim for relief and addressing the issues set out in this Order. Plaintiff's amended complaint cannot exceed **20 pages** in length, including attachments.

Failure to cure the deficiencies identified by this order in her amended complaint may result in dismissal without further opportunities to amend. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) ("[L]eave to amend is not required . . . if the plaintiff has already pleaded [their] 'best case.'") (citation omitted); *Dark v. Potter*, 293 F.App'x 254, 257 (5th Cir. 2008) ("[A] plaintiff asserts [their] best case after the plaintiff is 'apprised of the insufficiency' of the complaint.") (citation omitted).

Plaintiff is admonished that failure to file the amended complaint as ordered may result in dismissal of her case for failure to comply with the Court's orders. *See* Fed. R. Civ. P. 41(b); *Duncan v. United States*, 432 F.App'x 963, 966 (5th Cir. 2011) (affirming dismissal for failure to amend complaint as ordered).

**It is so ORDERED.**

SIGNED this 15th day of May, 2026.


_____
**KELLY G. STEPHENSON**
**UNITED STATES MAGISTRATE JUDGE**